**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHAMPION SALT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-CV-00755-JAR |
| | ) | |
| MARK J. ARTHOFER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Champion Salt, LLC's ("Champion") Motion for Contempt and to Enforce Temporary Restraining Order (Doc. 22), Defendants' Motion for Protective Order Regarding Deposition Notice and to Quash Third Party Subpoenas (Doc. 20), and Defendants' Motion for an Order Scaling Back the Proposed Forensic Examination of Defendants' Electronic Devices. (Doc. 36). Because the motions are closely related, it is appropriate to address them together.

## I.      BACKGROUND

Champion is a bulk supplier of de-icing salt and stores its salt at various terminals. Defendant Mark Arthofer is the Principal of Skyline Mixing & Sales, LLC ("Skyline"), which mixes and treats salt. On June 1, 2020, Champion, Arthofer, and Skyline entered into a Services Agreement (the "Services Agreement") pursuant to which Champion engaged Skyline to mix and treat salt ("Treatment Services") and make sales on a commission basis ("Sales Services"). (Doc. 1-3). The Services Agreement also required that the parties would "discuss by May 31, 2022 the possibility of Skyline or [Arthofer] becoming an equity owner in Champion." (Doc. 1-3 at § 17(r)). The Services Agreement had an initial term continuing until May 31, 2025, with automatic

1

renewals for successive one year periods unless either party provided 90 days' notice of non-renewal. (*Id.* at § 6(a)).

The parties' relationship soured in 2021, and this case turns primarily on whether Defendants remain obligated to comply with the restrictive covenants located in § 11 of the Services Agreement. After June 8, 2021, as alleged by Champion and supported by e-mail evidence and affidavits, Arthofer and Skyline began aggressively targeting Champion customers using proprietary customer and pricing information taken from Champion's servers. (Doc. 4 at 6-7; Doc. 4-1; Doc. 14-1). Champion also claims that in late May 2021, an individual using credentials issued to Skyline and Arthofer "accessed and downloaded nearly all of Champion's [customer relationship management] database information . . . without authorization" and then "attempted to permanently delete hundreds of sets of contact information for potential customers." (Doc. 1 at ¶¶ 56-58; Doc. 4-14). Champion explains that it proceeded to terminate Skyline and Arthofer's access to this database in order to protect its confidential information. (Doc. 4-1 at ¶¶ 31-33). Defendants respond that its employee merely "permissibly organized and condensed the data . . . in order to streamline information" and in so doing "the duplicate information is deleted but remains in a single, merged data entry." (Doc. 13 at 3).

On June 22, 2021, Champion filed its complaint (Doc. 1) and Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction (Doc. 3) in this Court. This Court held an in-person TRO hearing on June 25, 2021. Following the hearing, the parties consented to a proposed TRO (Doc. 17), which this Court entered. (Doc. 18). Pursuant to the TRO, Defendants may not "[s]olicit Champion's customers and prospective customers" or engage in the "sale of any products or services that are competitive" with Champion in certain states, among other restrictions. (*Id.* at § 1(i-ii)). On July 7, 2021, upon request by Defendants, this Court extended the TRO through July 23, 2021 and set a preliminary injunction hearing for that day. (Doc. 34).

2

## II.     DISCUSSION

<u>Champion's Motion for Contempt and to Enforce TRO</u> (Doc. 22)

Champion alleges that Defendants violated the TRO by delivering approximately $25,000 worth of salt to Arconic Davenport LLC ("Arconic"), a Champion customer, on June 29, 2021, four days after the TRO went into effect. (Doc. 23 at 5).[1] Defendants respond that this was merely an oversight as delivery was scheduled before the TRO became effective. Defendants acknowledge that the shipment violated the TRO but request that this Court consider all circumstances when determining what actions, if any, are necessary to remedy the violation. (Doc. 41 at 1).

It appears to this Court that Defendants may have violated the strict language of the TRO, but that any violation was not in bad faith and can be remedied by money damages. Defendants have "already committed to reimburse [Champion] for the shipment." (*Id.* at 7). Defendants also claim to have "laid off [ ] employees connected with the salt business," suggesting there will not be additional violations of the TRO. *Id.* at 4. At this juncture, this Court will defer ruling on Champion's motion for contempt and sanctions as it does not appear that Champion is at risk of suffering continuing harm. The parties may present additional arguments on this matter during the July 23, 2021 preliminary injunction hearing.

<u>Defendants' Motion for Protective Order Regarding Deposition Notice and to Quash Third Party Subpoenas</u> (Doc. 20)

Champion has sought additional discovery due to Defendants' violation of the TRO. Specifically, Champion served notices of depositions on all Defendants and third-party subpoenas on certain parties, including Arconic. Defendants seek a protective order and quashing of the third-party subpoenas on the grounds that such discovery was not contemplated by the TRO, which laid

---

[1] It appears the total order value may have been $25,000, but the June 29, 2021 delivery was only for an amount of salt worth approximately $4,176.66, resulting in $579.54 in profit to Defendants. (Doc. 41 at 4).

3

out a specific discovery protocol. (Doc. 21). Champion responds that Defendants have refused to comply with the discovery requirements imposed by this Court (Doc. 18) and that the additional discovery sought is necessary to evaluate the extent of Defendants' violation of the TRO. (Doc. 35). For the same reasons discussed above, this Court will defer ruling on Defendants' motion until after the preliminary injunction hearing. The discovery sought appears to exceed the scope of discovery permitted under the TRO, and this Court does not find such extensive discovery immediately necessary considering the apparently limited nature of Defendants' violation.

<u>Defendants' Motion for an Order Scaling Back the Proposed Forensic Examination of Defendants' Electronic Devices</u> (Doc. 36)

The TRO, as agreed upon by the parties, provides that Defendants shall provide their electronic devices to Champion's third-party forensic consultant for examination, subject to an agreed upon protocol, with Defendants paying all costs and expenses associated with the analysis. (Doc. 18 at § 4). Defendants' previous counsel, who has since withdrawn due to a conflict, appears to have broadly accepted a Statement of Work pursuant to which an agreed upon firm would perform the analysis. (Doc. 39 at ¶ 10). Defendants' new counsel contends that the proposed analysis is unduly expensive and potentially unnecessary because the parties are near "a resolution which would resolve the entire litigation." (Doc 36 at ¶ 5).[2]

This Court agrees with the parties that this action is moving at a fast pace. It is accordingly imperative that the parties prioritize the discovery necessary to resolve the most immediate issues in the litigation. This Court does not believe the forensic analysis contemplated by the TRO must be completed in advance of the preliminary injunction hearing. Therefore, this Court will grant

---

[2] Champion has requested that this Court seal or redact Defendants' motion because it includes the confidential proposed purchase price for Champion. (Doc. 39 at 1 n.1). This Court will direct Defendants to withdraw the unredacted filing and refile in accordance with the recently revised E.D. Mo. L.R. 13.05.

4

Defendants' motion in part and stay the forensic examination for two weeks from the date of this Memorandum and Order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for an Order Scaling Back the Proposed Forensic Examination of Defendants' Electronic Devices (Doc. 36) is **GRANTED in part** and the forensic examination contemplated by the TRO shall be **STAYED** for two weeks from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that, no later than **Wednesday, July 21, 2021**, Defendants shall withdraw Document 36 and re-file the motion under seal in compliance with E.D. Mo. L.R. 13.05. Pursuant to the revised rule, Defendants must publicly file both a motion for sealing and a redacted version of the motion.

**IT IS FINALLY ORDERED** that this Court will **RESERVE JUDGMENT** on Champion's Motion for Contempt and to Enforce Temporary Restraining Order (Doc. 22) and Defendants' Motion for Protective Order Regarding Deposition Notice and to Quash Third Party Subpoenas (Doc. 20). Both motions will be taken up at the preliminary injunction hearing on July 23, 2021.

Dated this 19th day of July, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE