UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHAMPION SALT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-CV-00755-JAR |
| | ) | |
| MARK J. ARTHOFER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Compel Compliance with Trial Subpoena Issued to Champion Salt. (Doc. 76). The motion is fully briefed and ready for disposition.

**I.  BACKGROUND**

On June 25, 2021, all parties consented to a temporary restraining order ("TRO") which provides that the parties "shall serve interrogatories and requests for production within two (2) business days," with responses due seven days later. (Doc. 18 at ¶ 3). Defendants did not serve any written discovery requests by this deadline. (Doc. 81 at 2). On July 23, 2021, this Court held a hearing on Plaintiff's motion for preliminary injunction. The parties could not complete the hearing in the time allotted, so the Court set a continuance of the hearing for August 11, 2021 and found good cause existed to extend the TRO. (Doc. 57). In the interim, on July 28, 2021, Defendants served a "Trial Subpoena" on Plaintiff, demanding that Plaintiff's custodian of records appear at the August 11th hearing and produce various documents. (Doc. 76-1). On August 10, 2021, Plaintiff objected on the grounds that Defendants failed to comply with the discovery deadlines established in the TRO and that the discovery sought is premature pursuant to Fed. R.

Civ. P. 26(d)(1). (Doc. 76-2). Defendants now seek to compel Plaintiff's compliance with the subpoena.[1]

## II.     ANALYSIS

This case concerns the breakdown of a business relationship between Plaintiff, a bulk salt supplier, and Defendants, Plaintiff's exclusive sales representative in the Midwest. The key issue in this litigation is whether various restrictive covenants in the Services Agreement between the parties (Doc. 1-3) continue to restrict Defendants' activities. Through the trial subpoena, Defendants seek documents "to demonstrate that Plaintiff was notifying multiple vendors and/or customers that Defendants were no longer associated with [Plaintiff], documents to demonstrate that Plaintiff was notifying multiple vendors and/or customers that Plaintiff[] w[as] no longer planning on servicing customers' salt needs, and documents to demonstrate that Plaintiff went back into the [customer relationship management] system" after learning about certain alleged actions by Defendants' employee. (Doc. 76 at 1).

This Court agrees with Plaintiff that Defendants are attempting to utilize a trial subpoena to circumvent the discovery deadlines established by the consent TRO.[2] *See Marvin Lumber and Cedar Co. v. PPG Indus., Inc.*, 177 F.R.D. 443, 445 (D. Minn. 1997) ("[W]e can find no plausible reason to exempt Rule 45 discovery from the time constraints that are applicable to all of the discovery methods recognized by the Federal Rules of Civil Procedure."). Plaintiff has cited numerous cases in which courts have held that subpoenas issued pursuant to Fed. R. Civ. P. 45 are subject to discovery deadlines. *See, e.g.*, *Mortg. Info. Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 566-

---

[1] The preliminary injunction hearing completed on August 11, 2021, and the parties are required to submit their proposed Findings of Fact and Conclusions of Law no later than August 20, 2021. (Doc. 75).

[2] As Plaintiff notes, the "Trial Subpoena" is virtually identical to a request for production sent by Defendants on the same day the subpoena was issued. (*Compare* Doc. 76-1 at 5 and Doc. 81-1).

67 (W.D.N.C. 2002) (collecting cases). There are limited exceptions to this rule not relevant here. *See, e.g.*, *Puritan Inv. Corp. v. ASLL Corp.*, No. Civ. A. 97-1580, 1997 WL 793569, at *1 (E.D. Pa. Dec. 9, 1997) ("Trial subpoenas may be used to secure documents at trial for the purpose of memory refreshment or trial preparation or to ensure the availability at trial of original documents previously disclosed by discovery."). Defendants "do not dispute Plaintiff's caselaw." (Doc. 82 at 1). Instead, Defendants contend that the additional discovery became necessary due to testimony offered by Lisa Myers, Plaintiff's Chief Operating Officer and Chief Financial Officer, at the July 23, 2021 hearing.

District courts have "broad discretion in establishing and enforcing deadlines and in maintaining compliance with discovery." *In re Baycol Prods. Litig.*, 596 F.3d 884, 888 (8th Cir. 2010) (citation omitted). The Court is quite familiar with the details of this case and the testimony of Lisa Myers on July 23, 2021. The discovery sought by Defendants through the trial subpoena involves issues which are broad in scope, have been relevant in this case from the outset, and were not materially affected by Lisa Myers' testimony. *Compare Malmberg v. United States*, No. 5:06-CV-1042 (FJS/GHL), 2010 WL 1186573, at *3 (N.D.N.Y. Mar. 24, 2010) (Late trial subpoenas permitted where "[t]he subpoenas are very limited in scope and relate to information revealed during Plaintiff's deposition."). Defendants did not issue any trial subpoena prior to the July 23, 2021 preliminary injunction hearing despite expecting that the parties would complete argument on Plaintiff's motion for preliminary injunction that day. Defendants offer no justification for failing to comply with the TRO discovery deadlines, and the Court does not believe that Lisa Myers' testimony created exceptional circumstances justifying additional discovery. This Court will deny Defendants' motion to compel because "when a party is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas

after the discovery deadline has passed, then the subpoenas . . . should be denied." *Id.* (citation omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Compliance with Trial Subpoena Issued to Champion Salt (Doc. 76) is **DENIED**.

Dated this 17th day of August, 2021.

                                             _____
                                             JOHN A. ROSS
                                             UNITED STATES DISTRICT JUDGE